Judge Owsley
delivered the opinion of the court.
This was an ejectment brought by Robinson in the circuit court, for the purpose of recovering a tract of land, the title whereof he claims under a patent which issued to Robert Johnson from the commonwealth of Virginia, but which is held by Sutton under a patent, which issued to his ancestor, John Sutton.
The trial was had on the general issue, and verdict and judgment recovered by Sutton.
The only question to which the attention of this court need be directed, involves an enquiry into the decision of the circuit court, in excluding from the jury evidence introduced by Robinson.
The excluded evidence, consists of the pleadings, verdict and judgment, rendered in favor of Robinson, in an action of trespass, brought by him against Sutton, for entering, and cutting timber, upon the land now in contest, and parol evidence proving that the material matters in controversy in that case were the same as in the present.
From the pleadings in the action of trespass, the trial appears to have been had upon the general issue, with leave for the patentees to give special matter in evidence.
If instead of the general issue, the trial had been had upon an issue taken on the plea of liberum tenementum, the verdict and judgment would, no doubt, have been admissible. In that case the title of Sutton, the defendant, would have been put directly in issue, and the verdict and judgment against him would have been conclusive, that the right of the soil and freehold was not at that time in him; for it is a settled rule, that the judgment of a court of competent jurisdiction directly upon the point, is, as a plea, a bar, of as evidence conclusive, between the same parties, upon the same matter, directly in question, in the same, or any other court.
But as the title was not by a special plea, for that purpose directly put in issue in the action of trespass, we are led to examine, whether, under the general issue with leave to give special matter in evidence, the verdict, and judgment should have been admitted. In making this examination we have been unable to find any adjudged case, where either the affirmative of negative of the proposition has been *305 maintained. Deciding however, upon principle and analogy, we think the verdict and judgment admissible evidence. If the leave obtained to give special matter in evidence, be considered equivalent to filing a special plea of liberum tenementum, there would be little doubt of the propriety of using the verdict and judgment is evidence. We apprehend, a general verdict and judgment, upon the pleadings, so considered would not be conclusive evidence of the right as if obtained upon the plea of liberum tenementum only; but should be considered as constituting material evidence.—The verdict and judgment, would not be conclusive, because no evidence of title may have been introduced before the jury, and the verdict found exclusively upon evidence relating to the other matters in contest; but they would be material evidence, because evidence of title may have introduced, and the verdict of the jury, found thereon.—Thus Philips in his treatise on evidence 225, says, if the defendant in an action of trespass plead his soil and freehold and give in evidence a verdict, on the same plea in a former action between the same parties; this probably would be conclusive; that the right to the soil and freehold was at the time as found. If, indeed says the author, the defendant in the former action, had pleaded not guilty, together with the plea of liberum tenementum, and a general verdict had been found, and this should afterwards be given in evidence (as in the case supposed) such a general verdict would not be conclusive evidence of the right as if there had been a verdict on the plea of liberum tenementum, though it would be material evidence, and the defendant would be admitted to prove that no evidence was offered except on the general issue.
If in the action of trespass the issue had been on liberum tenementum, the title would have been thrown directly in issue, and the verdict and judgment would have concluded the party against, whom it was; but as a verdict and judgment on the general issue may or may not have involve the trial of the title, the pleadings, verdict & judgment is admissible but not conclusive evidence, and whether the trial of title was submitted to the jury must be explained by parol.
The distinction taken by Philips is not a theory of his own, but results from principles well settled by the adjudications of the English courts. Whilst great care is always taken not to permit the parties after having once litigated and obtained the decision of a matter in contest by a tribunal of competent authority, to again draw in question the same matter, it has been invariably held that neither plaintiff nor defendant is precluded by a judgment from asserting their rights to a matter which might by the pleadings have been litigated, but in relation to which, no evidence was introduced on the trial, if there exists any other distinct substantive matter upon which the judgment may operate. As for example, if the plaintiff, on the trial of his action, *306 attempts to prove a demand against the defendant, and fails, he cannot set it up again in a second action. But if in an action where the declaration contains two distinct causes of action, as for goods sold and delivered, and upon a promissory note, and no evidence, is introduced on account for goods sold, the judgment will not bar his recovering for the goods sold in another action. So, an award made on a reference of all matters in difference between the parties is said to be no bar to any cause of action, which the plaintiff had against the defendant at the time of the reference, if it appear that the subject matter of the action was not enquired into before the arbitrators. And so likewise, we apprehend, as is correctly said by Philips in his evidence, if two distinct and substantive matters are pleaded by a defendant in bar of a plaintiff’s action, the judgment in favor of the defendant, does not conclude the plaintiff as to the matter involved in the issue, as to which no evidence was introduced on the trial. But if in the case put for the plaintiff, there had been but the one account for goods sold, or in that for the defendant, there was but one plea, in either case as the judgment would have no other operation, the parties would be concluded from saying that the matter involved in the issue had not been determined.
If a declaration contain two counts for distinct causes of action, and evidence is produced only in support of one pltf may support a new action for the cause, to support which no evidence was introduced notwithstanding the verdict and judgment against him.
Upon this distinction the case of Markham and Middleton, 2 Strange 1259, and other like cases, may be well reconciled with the subsequent adjudications. In that case a verdict of but one penny being found by the jury, upon the execution of a writ of enquiry, the court said, if it were permitted to stand, it would bar the plaintiff’s demand for l333. But as in that case the plaintiff had but one demand it cannot be construed to infringe the doctrines we have attempted to illustrate in relation to separate demands, and which we understand to have been well settled by subsequent adjudications.
If then, we are correct in supposing that the verdict and judgment, would have been admissible evidence, if obtained upon the plea of liberum tenementum and the general issue, no reason is perceived why they should not be admissible under the state of pleading, upon which they were obtained. The right to the land might have been as fully investigated as if the plea of liberum tenementum had been actually filed, and under the supervising power of the court, over the verdict, the rights of the parties as completely protected against surprise by the introduction of evidence.
Haggin for appellant, Pope for appellee.
The counsel for the defendants petitioned the court for a re-hearing; but at a subsequent day, the court overruled the petition and ordered the foregoing opinion to stand unaltered.
It is true, it cannot be certainly known, from the pleadings and judgment whether or not the title to the land was enquired into, and decided on by the jury, but it is certainly known that the parties may have enquired into the title, and to permit the introduction of parol evidence to shew whether the title was litigated, would be doing no more than would be allowed in the case of a general verdict upon the pleas of liberum tenementum and the general issue; and would be barely admitting that description of evidence which, from the nature of the case, must in many instances he introduced for the purpose of ascertaining whether judgments previously rendered between the same parties, form a bar to a subsequent action. For in many cases it is impossible to judge from the record whether a judgment previously obtained was rendered for the same cause for which another action may be prosecuted.
As for example, trespass may be brought for a tortious taking of goods; or the tort may be recovered and trover brought for the conversion; or after sale of the goods for money by the person committing the tort, an action for money had and received will lie. 1 Marsh. 83. But if after a recovery in the action of trespass or trover ah action for money had and received, should be brought; it would be impossible to learn from the records that both actions were prosecuted for the same cause. Parol evidence, must, therefore, in such a case be resorted to, for the purpose of ascertaining the fact, and when proven, there would he no doubt but the first judgment would preclude a recovery in the second action.
Upon the whole, we are of opinion that the excluded evidence should have been admitted, and that consequently the judgment must be reversed with costs, the cause remanded and further proceedings had not inconsistent with the principles of this opinion.